# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

SORRELL DARNELL MOBLEY, )
)
    Plaintiff, )
v. ) Case No. CV408-221
)
RONNIE TUTEN, ROBERT )
DREWRY, and R.E. ABOLT, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

This Court recently granted plaintiff Sorrell Darnell Mobley's petition to file his Title VII employment-discrimination (42 U.S.C. § 2000e *et seq.*) case *in forma pauperis*, but then dismissed his case as untimely because Mobley had filed it two days past the statute's 90-day limitations period. Doc. 3. A Title VII plaintiff is required to file his complaint within 90 days of his receipt of the EEOC's right to sue letter. 42 U.S.C. § 2000e 5(f)(1); 29 C.F.R. § 1614.407; *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *see also Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter). Doc. 3 at 3. However,

> Plaintiff state[d] that he received his EEOC right-to-sue letter on August 12, [2008].[1] (Doc. 1 at 3.) [Yet he] executed his Title VII application [to proceed in this Court ] on November 12, 2008, and filed it that same day, which is ninety-two days after he received the right-to-sue letter. (Doc. 1.) His right-to-sue letter clearly states that a "lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." (Id. at 11.) Unfortunately, plaintiff filed his Title VII application two days later than the statute of limitations allows. (Id. at 8.)

Doc. 3 at 3 (footnote added). The undersigned therefore concluded that Mobley's complaint should be dismissed. *Id.*

Rejecting this recommendation, the district judge relied upon Mobley's Fed. R. Civ. P. 72(b)(2) Objection, wherein Mobley insisted "that, because the right-to-sue letter was *mailed* on August 12, 2008, he did not receive the letter until a later date. Plaintiff reasons that the time he actually received the letter to the time he filed his Complaint did not exceed ninety (90) days. . . ." Doc. 6 at 1 (emphasis added). Thus, the district judge referred this case back to the undersigned "for a determination of whether Plaintiff filed his complaint within ninety (90) days of receiving his right-to-sue letter from the EEOC." *Id.* at 2.

---

[1] Due to a transpositional error, the Court erroneously inserted "1998" when it meant "2008." While that should have been apparent from the rest of the paragraph, Mobley nevertheless objected to it. Doc. 5 at 1.

In his Objection, Mobley makes it clear that he does not know for sure when he actually received his EEOC letter, only that it was mailed on August 12, 2008. His original filing before this Court in fact shows an August 12, 2008 "date mailed" on his EEOC letter. Doc. 1 at 11. In Title VII cases in which the date of receipt of the EEOC's right-to-sue letter is either disputed or cannot be established, Rule 6 of the Federal Rules of Civil Procedure creates a presumption that it was received by the plaintiff three days after it was issued by the EEOC. *Sanchez Ramos v. Puerto Rico Police Dept.*, 392 F. Supp. 2d 167, 175-76 (D.P.R. 2005) (applying *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, (1984), a Title VII case where the United States Supreme Court stated, without discussion, that Fed. R. Civ. P. 6(e)--now Fed. R. Civ. P. 6(d)--created a presumption that plaintiff had received the right-to-sue letter on January 30, 1981 when there was proof that the EEOC sent it on January 27, 1981); *see also Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 862 (S.D. Iowa 2007) (employee was presumed to have received EEOC right-to-sue letter, commencing 90-day limitations period for filing suit, three days after it was issued); 45C AM. JUR. 2D *Job Discrimination* § 1926 (Sept. 2008).

Applying that rule here, Mobley is deemed to have received his EEOC letter on August 15, 2008, which places him within the 90-day limitations period. Accordingly, plaintiff Sorrell Darnell Mobley's complaint is timely and service by the U.S. Marshal should issue. *See* Fed.R.Civ.P. 4(c)(2).

**SO REPORTED AND RECOMMENDED** this 20th day of February, 2009.

/s/␣␣Smith␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA