# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SORRELL DARNELL MOBLEY,    )
    )
    Plaintiff,    )
    )
v.    )    Case No. CV408-221
    )
CHATHAM COUNTY, *et al.*,    )
    )
    Defendants.    )

## ORDER

Upon sua sponte reconsideration, the Court **VACATES** its Report and Recommendation (doc. 7) and substitutes this Order.

## I. BACKGROUND

The Court granted plaintiff Sorrell Darnell Mobley's petition to file his Title VII employment-discrimination (42 U.S.C. § 2000e *et seq.*) case in forma pauperis, but then dismissed his case as untimely because Mobley had filed it two days past the statute's 90-day limitations period. Doc. 3. A Title VII plaintiff, this Court explained, is required to file his complaint within 90 days of his receipt of the EEOC's right to sue letter that had been issued to him. 42 U.S.C. § 2000e 5(f)(1); 29 C.F.R. § 1614.407; *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *see*

*also Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter). Doc. 3 at 3. Here plaintiff

> state[d] that he received his EEOC right-to-sue letter on August 12, [2008].[1] (Doc. 1 at 3.) [Yet he] executed his Title VII application [to proceed in this Court ] on November 12, 2008, and filed it that same day, which is ninety-two days after he received the right-to-sue letter. (Doc. 1.) His right-to-sue letter clearly states that a "lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." (Id. at 11.) Unfortunately, plaintiff filed his Title VII application two days later than the statute of limitations allows. (Id. at 8.)

Doc. 3 at 3 (footnote added). The undersigned therefore concluded that Mobley's complaint should be dismissed. *Id.*

Rejecting this recommendation, the district judge relied upon Mobley's Fed. R. Civ. P. 72(b)(2) Objection, wherein Mobley insisted "that, because the right-to-sue letter was *mailed* on August 12, 2008, he did not receive the letter until a later date. Plaintiff reasoned that from the time he actually received the letter to the time he filed his Complaint did not exceed ninety (90) days. . . ." Doc. 6 at 1 (emphasis added). Thus, the district

---

[1] Due to a transpositional error, the Court erroneously inserted "1998" when it meant "2008." While that should have been apparent from the rest of the paragraph, Mobley nevertheless Objected to it. Doc. 5 at 1.

judge referred this case back to the undersigned "for a determination of whether Plaintiff filed his complaint within ninety (90) days of receiving his right-to-sue letter from the EEOC." *Id.* at 2.

## II. ANALYSIS

In his Objection, Mobley makes it clear that he does not know for sure when he actually received his EEOC letter, only that it was mailed on August 12, 2008. His original, November 12, 2008 filing before this Court in fact shows an August 12, 2008 "date mailed" on his EEOC letter. Doc. 1 at 11. In Title VII cases in which the date of receipt of the EEOC's right-to-sue letter is either disputed or cannot be established, Rule 6 of the Federal Rules of Civil Procedure creates a presumption that it was received by the plaintiff three days after it was issued by the EEOC. *Sanchez Ramos v. Puerto Rico Police Dept.*, 392 F. Supp. 2d 167, 175-76 (D.P.R. 2005) (applying *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, (1984), a Title VII case where the United States Supreme Court stated, without discussion, that Fed. R. Civ. P. 6(e)--now Fed. R. Civ. P. 6(d)-- created a presumption that plaintiff had received the right-to-sue letter on January 30, 1981 when there was proof that the EEOC sent it on January 27, 1981); *see also Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 862

(S.D. Iowa 2007) (employee was presumed to have received EEOC right-to-sue letter, commencing 90-day limitations period for filing suit, three days after it was issued); 45C AM. JUR. 2D *Job Discrimination* § 1926 (Sept. 2008).

Applying that rule here, Mobley is deemed to have received his EEOC letter on August 15, 2008, which places his filing here within the 90-day limitations period. Accordingly, Mobley's November 12, 2008 "complaint" (as will be shown *infra*, it at most qualifies as a "placeholder" complaint) is timely. *See Simmons-Blount v. Guilford County Bd. of Educ.*, 2009 WL 962266 at * 3-4 (M.D.N.C. Apr. 7, 2009) (unpublished) (collecting cases).

### *Necessity of a Formal Complaint*

Even though Mobley's November, 12, 2008 filing of a right-to-sue letter, EEOC charge, and IFP motion together present the basic elements of his claim (albeit with no prayer for damages), doc. 1, and thus he nominally satisfies the 90-day deadline,[2] the better practice is to file a

---

[2] In *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330 (11th Cir. 1984), the plaintiff filed both a right-to-sue letter and a copy of the EEOC charge. Judkins's filings met Rule 8(a)(2)'s pleading requirements because the charge explained the factual basis for the discrimination claim. *Id.* at 1332. Because the filing functionally met the Rule's requirements, it also stopped the statute of limitations clock. *Id.* (applying *Baldwin* to hold that filing of Judkins's EEOC charge sufficed to institute a legal action, though filing the right-to-sue letter alone would not have); *see also Robinson v. City of Fairfield*, 750 F.2d 1507, 1511 (11th Cir. 1985). Mobley has proceeded along Judkins's path here,

formal complaint or its functional equivalent. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148-49 (1984). What plaintiff has filed thus far does not fully conform with Fed. R. Civ. P. 3 and 8 governing the form and substance of a complaint.

Thus, he should file a formal complaint because his EEOC charge's factual explanation may be shown to be deficient if challenged by the defendant. All litigants, it must be remembered, are required to state a legal claim before their case can proceed in court. *See generally* J.J. COLEMAN, III, DISABILITY DISCRIMINATION IN EMPLOYMENT § 7:3 (Dec. 2008) (while filing the right-to-sue letter and EEOC charge may suffice, "[t]he model complaint, on the other hand, should have much more"). And *pro se* plaintiffs are subject to the same rules as represented parties, including Rule 12(b)(6)'s requirement that they actually state an actionable claim. Fed. R. Civ. P. 12(b)(6); *see Clime v. Sunwest Peo, CNA Claimplus, Inc.*, 253 F. App'x 805, 806 (11th Cir. 2007) (dismissal of Title VII action was warranted for failure to state claim upon which relief could be granted when plaintiff appeared, at most, to make conclusory and vague allegations and the complaint was largely incoherent).

---

so his action appears to be timely.

Thus, Mr. Mobley must, within 30 days of the date this Order is served upon him, file a formal complaint containing: (1) a short and plain statement of the claim showing that he is entitled to relief, and (2) a demand for judgment for the relief that he seeks in this action. Rule 8(a). The complaint must also include a caption setting forth (1) the name of the Court, (2) the names of all parties to the action, (3) the file number, and (4) a designation of the pleading as a "Complaint." Fed. R. Civ. P. 10(a).

In addition, the complaint must set forth a brief statement of the facts of his case, including the names of the individuals involved, the actions or conduct engaged in by these individuals, and specific designations of when and where these events occurred. The statements of fact must be made in numbered paragraphs, the contents of which must be limited as far as practicable to a statement of a single set of circumstances. Fed. R. Civ. P. 10(b). Attached to this Order is a sample complaint form that plaintiff may use.

After plaintiff files his complaint (no filing fee is required since the Court is granting his IFP motion), the Court will issue certain basic instructions to him. Plaintiff's failure to submit the formal complaint

within the time allotted may result in the loss of his right to pursue this case any further in this Court. Finally, the Court **VACATES** its Report and Recommendation (doc. 7) and substitutes this Order. The Court also has amended the caption to reflect the fact that Mobley named Chatham County, Georgia in his EEOC charge, and three individuals in his IFP application. Doc. 1 at 4-5, 9. All subsequent filings shall therefore conform.

**SO ORDERED,** this _14<sup>R</sup>_ day of May, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
## _____ DIVISION

_____,     )
     **Plaintiff,**         )
                             )
v.                       )     **Case No. CV _____**
                             )
_____,     )
     **Defendant**.        )

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.     Plaintiff resides at: _____
                                         *(Street)*

                                   _____
                                     *(City)*          *(State)*       *(Zip Code)*

2.     Defendant's name: _____

          Location of defendant's principal office:

          _____

          _____

          _____

          Nature of defendant's business:

          _____

          _____

          _____

          Approximate number of individuals employed by defendant: _____

3.    ☐     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. § 2000e-5. Equitable and other relief are also brought under 42 U.S.C. § 2000e-5(g).

☐     This action is brought pursuant to Age Discrimination in Employment Act of 1967 for employment discrimination based upon age. Jurisdiction is conferred by 29 U.S.C. §§ 626(c)(1) and 626(e), and appropriate relief is also sought.

☐     This action is brought pursuant to the Americans with Disabilities Act of 1990, for employment discrimination on the basis of disability. Jurisdiction is conferred by 42 U.S.C. § 12117(a), and appropriate relief is also sought.

4.    ☐     I **have** filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding defendant.

> **Attach a copy of the charge(s) filed with the EEOC to this complaint.**

☐     I **have not** filed a charge with the EEOC.

5.    ☐     I **have** received a Notice of Right to Sue letter from the EEOC on _____.
                                                                                                    *(date)*

**Attach a copy of the Notice of Right to Sue letter to this complaint.**

☐     I **have not** received a Notice of Right to Sue letter from the EEOC.

6.    The acts complained of in this suit concern:
      ☐     Failure to hire me
      ☐     Termination of my employment
      ☐     Failure to promote me
      ☐     Demotion
      ☐     Denial of equal pay or work

2

☐      Sexual harassment

☐      Other (specify)_____

7.    Plaintiff

        ☐    **is** presently employed by defendant

        ☐    **is not** presently employed by defendant

The dates of plaintiff's employment were _____.

The reason(s) for the end of plaintiff's employment by defendant is/are:

        ☐    Plaintiff was discharged.

        ☐    Plaintiff was laid off.

        ☐    Plaintiff left the job voluntarily.


8.    The conduct of defendant is discriminatory with respect to:

        ☐?   my race         ☐   my national origin

        ☐   my religion       ☐   my age

        ☐   my sex         ☐   my disability


9.    The name, race, sex, and position or title of the individual(s) who allegedly discriminated against me during my period of employment with the defendant company is/are:

| **Name** | **Title** | **Race** | **Sex** |
|---|---|---|---|
| (1)_____ | | | |
| (2)_____ | | | |
| (3)_____ | | | |
| (4)_____ | | | |
| (5)_____ | | | |
| (6)_____ | | | |

10.    Describe the discriminatory actions or events that you are complaining of in this lawsuit. Give factual detail, including names and dates concerning what happened. **You do not need to refer to any statutes or cite law.**

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

11.　　The alleged illegal activity took place at:

_____
*(Street)*

_____
*(City)*　　　　　　　*(State)*　　　　　　*(Zip Code)*

12.　　State what relief you are seeking from the Court.  If you are seeking monetary award (back pay or damages), state the amount you are seeking.  If you are seeking injunctive relief (an order by the Court) issued against defendant, summarize what should be in the order.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above

action, that he/she has read the above complaint, and that the information contained therein is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

_____          _____

*Date*                                                          ***Signature of Plaintiff***


Plaintiff's Address:    _____
                                            *(Street)*

                                       _____
                                            *(City)*                    *(State)*                    *(Zip Code)*