# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SORRELL DARNELL MOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CV408-221 |
| ) | |
| CHATHAM COUNTY, Georgia, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Before the Court in this Title VII employment-discrimination case is defendants' motion for summary judgment against *pro se* plaintiff Sorrell Darnell Mobley. Doc. 27. The motion should be granted, and Mobley's case should be dismissed.

## I. BACKGROUND

Mobley, who is black, was employed in the Chatham County, Georgia's public works department from December 1994 until his termination on June 21 2007. Doc. 28 ¶ 1. During his employ, Mobley was either written-up or suspended on several occasions, doc. 28 ¶ 8, but also "promoted numerous times." *Id.* ¶ 7. The County terminated him on June 21, 2007 after he threatened a supervisor, stating that he would

"beat [his] ass." *Id.* ¶¶ 36-45. His position was filled by a black man. *Id.* ¶ 46.[1]

The County says the termination had nothing to do with Mobley's race. *Id.* ¶ 45. It had suspended him with pay at first, and during that suspension Mobley (on June 6, 2007) filed what ultimately would be an unsuccessful EEOC charge. Doc. 10 at 3. The County fired him on June 21, 2007. Doc. 28 ¶ 39. After exhausting his claim with the EEOC, plaintiff brought this action. Docs. 1 & 10.

The County[2] now moves for summary judgment, doc. 27, over

---

[1] These facts are taken from the County's L.R. 56.1 Statement of Facts, doc. 28, which are supported by citation to Fed. R. Civ. P. 56-compliant evidence, and they go unrebutted by plaintiff's *unsworn* and conclusory (thus non-compliant) responses, Docs. 35, 35-1, 35-2, 38, & 39, so the facts set forth in doc. 28 are now established.

[2] The Court is noting only the County, but Mobley also sued Ronnie Tuten, Robert Drewry and R.E. Abolt individually, doc. 10 at 6, and they join with the County in moving for summary judgment. Doc. 27. Had the individual defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), however, they would have prevailed right off the bat because "relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). The result is the same even if Mobley seeks to sue them in their official capacities (and he is unclear on this point). *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company."). *See also Lord v. City of Ozark*, 2010 WL 4780680 at * 2 (M.D. Ala. Nov. 17, 2010) (citing *Dearth*); *Vincent v. Santa Rosa County School Dist.*, 2010 WL 5058559 at * 2 (N.D. Fla. Nov. 1, 2010) ("A plaintiff may bring a Title VII suit against an individual in his official capacity. . . . However, when a plaintiff names both the employer and the individual supervisor in his official

plaintiff's opposition. Docs. 35, 38, & 39; *see also* doc. 40 (County's reply brief). According to Fed. R. Civ. P. 56(a) (2010), "[a] party may move for summary judgment, identifying each claim or defense -- or the part of each claim of defense -- on which summary judgment is sought." The court presented with such a motion must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

---

capacity, the supervisor may be dismissed from the action."); *Jennings-Jones, v. Wal-Mart Stores, Inc.*, 2010 WL 4683999 at * 2 n. 2 (M.D. Ala. Oct. 14, 2010).

    The Court therefore dismisses defendants Ronnie Tuten, Robert Drewry and R. E. Abolt on those grounds alone, and thus will hereafter reference only "the County." Note, in that regard, that "[s]overeign immunity does not bar a Title VII claim against a municipality. *Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir.1989) ('Because appellants' claim under 42 U.S.C. § 2000e arises under Title VII of the 1964 Act, no eleventh amend[ment] barrier exists.')." *Lord*, 2010 WL 4780680 at * 3 n. 3.

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quotation omitted). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23; *see also* Fed. R. Civ. P. 56(c)(1). After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48 (emphasis in original). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). And "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook &*

*Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).[3]

## II. GOVERNING STANDARDS

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "A prima facie claim of discrimination can be established three ways: 1) direct evidence; 2) circumstantial evidence; or 3) statistical proof." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990)). Where, as here, the plaintiff has offered no direct evidence of racial discrimination by the defendant, he may rely upon circumstantial evidence. At that point, the Court uses the burden-shifting framework found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). Thus, "to establish a prima facie case of race discrimination under Title VII the plaintiff must show: that '(1) [he] is a member of a protected class; (2)

---

[3] The Court denies as frivolous Mobley's "Motion to Suppress Defendant's Exhibits," doc. 41, as the exhibits are properly authenticated and thus considered under Fed. R. Civ. P. 56.

5

[he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job.'" *Id.*

In establishing the third element of his prima facie case plaintiff must point to legitimate comparators similarly situated in all relevant respects. *Id.* Hence, "the quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Miller-Goodwin v. City of Panama City Beach*, Fla., 385 F. App'x 966, 971 (11th Cir. 2010); *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004) (quotes omitted).

## III. ANALYSIS

### A. Timeliness

The County argues that Mobley's termination claim is time-barred because he did not raise it in his June 6, 2007 EEOC charge (nor amend his charge to include it), and thus he let the 180-day limit for exhausting such claims slip by. Doc 29 at 20-21. The EEOC charge referenced in plaintiff's deposition, doc. 26-5 at 105, is not in the record, but he

testified that he filed only one, *id.*, and he furnished a copy of it in his complaint. Doc. 10 at 3-4. That copy shows that he filed the EEOC charge on June 6, 2007, but failed to later amend it to include his June 21, 2007 termination. In it he complained of being suspended without pay and demoted, unlike whites found equally guilty of the same or similar offenses against his employer. Doc. 10 at 3. He also referenced a failure-to-promote claim, *id.* ¶ "I," but that is not before the Court because he did not raise it in his complaint. Doc. 1. Finally, he complained of being disciplined for inappropriate use of county equipment, for a demotion warning, and for being "suspended indefinitely for threatening a superintendent." *Id.* ¶ "II." Hence, he never raised his termination before the EEOC.

"Before suing under Title VII, a plaintiff must first exhaust [his] administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act. *Id.*" *H&R Block Eastern Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). Furthermore, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be

expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n. 8 (11th Cir. 1994).

Nothing stopped Mobley from amending his EEOC charge, so his termination claim is time-barred. *Summers v. City of Dothan, Ala.*, ___ F. Supp. 2d ___, 2010 WL 4386518 at * 11 (Oct. 29, 2010) (because terminated police officer alleged discrete incidents of discrimination and retaliation under Title VII, only termination of her employment covered by amended charge filed shortly after termination, and acts of alleged discrimination that occurred within 180 days before initial charge, were actionable). And since that is the sole claim in this case, *see* doc. 10 at 6 ¶ 10, the County is arguably entitled to summary judgment on these grounds alone.

Still, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge. . . ." *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotes omitted). "The issue before the Court is whether an investigation into [Mobley's] . . . EEOC Charge would have reasonably revealed the Title VII race discrimination" of which he now complains. *Canty v. Fry's Electronics, Inc.*, 736 F. Supp. 2d 1352, 1362

(N.D. Ga. 2010). Arguably, the termination event would have grown out of the EEOC investigation. Yet, Mobley does not argue this, so the matter is waived. Hence, the County prevails because the June 21, 2007 termination -- the basis of Mobley case here[4] -- was never advanced in an EEOC charge and 180 days have long since passed.

## B. The Merits

Even were Mobley's termination claim not barred, it still fails on the merits. His complaint limited his case to all that occurred on June 1, 2007 and its aftermath. He complains that his supervisor, Ronnie Tuten, "tried to incite insubordination in the Plaintiff with the unlawful harassment and derogatory comments to Plaintiff." Doc. 10 at 6-7. Tuten wanted Mobley to drive a trash compactor for which Mobley had not been trained, so Mobley protested. Another supervisor, Robert Drewry, also ignored his protest and threatened to demote him. *Id.* at 7. They argued, and at the end of the day he was "sent home for 10 days

---

[4] It may be argued that he expanded on his claim in his deposition testimony and other filings, but his complaint, as unamended, controls the issues to be litigated. Understandably precautious, the County has filed a lengthy brief covering all sorts of conceivable claims, doc. 29, but the Court is reaching only those raised by plaintiff.

with pay." *Id.* at 8. After that, he was fired. *Id.* A personnel advisory board recommended reinstatement but the County refused. *Id.*

The County has shown that Mobley threatened his supervisor and, when assessed with his checkered work history, this conduct warranted his discharge. His race was not a factor. Doc. 28 at 7-8 ¶¶ 37-39; *see also id.* ¶ 45 ("The decision to terminate Mr. Mobley was solely based on his conduct in threatening a supervisor and his work history"). It has meticulously set forth all of the non-minority (yet disciplined) co-workers alleged to have been better-treated, and it has demonstrated no "nearly identical" circumstances supporting the needed inference of intentional discrimination to support plaintiff's claim. Doc. 29 at 15-18; *see also* doc. 26-5 at CM/ECF screen-print pages 15-25 (Mobley's own deposition testimony showing no "nearly identical" conduct by his claimed comparators).

That showing supports summary judgment in the County's favor. *See, e.g., Holmes v. Uncle Bubba's Seafood*, 2009 WL 2046765 at * 3-4 (S.D. Ga. July 13, 2009) (black male discharged for threatening violence, no white comparator evidence shown, summary judgment to employer in Title VII case). Mobley's summary judgment responses fail because they

at best constitute speaking objections to the evidence against him, and his L.R. 56.1 responses are unsworn and otherwise accompanied by no showing of information that could be reduced to admissible evidence at trial, such as a sworn affidavit or functional equivalent. *See Ekokotu v. Federal Exp. Corp.*, 2011 WL 149509 at * 3 (11th Cir. Jan. 19, 2011) (citing *Macuba v. DeBoer*, 193 F.3d 1316, 1322-23 (11th Cir.1999)); *see also Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010) (on employer's summary judgment motion in racial discrimination, retaliation, and hostile work environment case, district court's decision to grant in part employer's motion to strike employee's exhibits was not abuse of discretion; the exhibits were not properly authenticated, so court did not have to consider them in opposition to employer's motion).

*Pro se* litigants, in that regard, are subject to the rules of the Court, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989), so they are "not excused from the obligation to respond to a statement of material facts in the manner required by the rule." *Gillilan v. Broome*, 2010 WL 736894 at *3 n. 4 (S.D. Ga. March 1, 2010) (citing *MackMuhammad v. Cagle's Inc.*, 2010 WL 55912 at * 1 (M.D. Ga. Jan. 4, 2010)). Mobley "cannot simply rest on his pleadings or 'no, it's not so!' insistences in his briefs."

11

*Burns v. Terminal Inv. Corp.*, 2010 WL 1254301 at * 3 (S.D. Ga. Mar. 10, 2010); *see also id.* at * 4 ("The undisputed facts, then, show that no comparable non-black employee committed the same sort of offense and was treated more favorably than Burns."); *adopted*, 2010 WL 1254304 (S.D. Ga. Mar. 29, 2010). And yet, that is what he has done here.

## IV. CONCLUSION

Sorrell Darnell Mobley, conceded by the County to be a member of a protected class and to have been subjected to an adverse employment action, has failed to satisfy element (3) of the aforementioned prima facie case -- that is, he has failed to adduce any evidence that the County treated similarly situated employees outside his protected class differently. Thus, the defendants' motion for summary judgment (doc. 27) should be **GRANTED,** and this case should be **DISMISSED WITH PREJUDICE**. And the Court **DENIES** plaintiff's "Motion to Suppress Defendants [sic] Exhibits." Doc. 41.

**SO REPORTED AND RECOMMENDED** this __9th__ day of March, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA